**ROBIN CABLE SYSTEMS, L.P., a California Limited Partnership, dba Desert Cablevision, an Affiliate of InterMedia Partners, Plaintiff,**

v.

**The CITY OF SIERRA VISTA, a Municipal Corporation of the State of Arizona, Defendant.**

**No. Civ 93–020 TUC ACM.**

United States District Court, D. Arizona, Tucson Division.

July 22, 1993.

Michael J. Rusing, Rusing & Lopez, Tucson, AZ, for plaintiff.

Stuart L. Fauver, Sierra Vista, AZ, for defendant.

### AMENDED MEMORANDUM AND DECISION OF ORDER

MARQUEZ, Senior District Judge.

#### I. OVERVIEW:

Pending before the Court are Cross–Motions for Summary Judgment. The central issue in this case revolves around Section 622(g) of the Cable Communications Act, 47 U.S.C. § 542(g) ("the Cable Act").

#### II. FACTS:

Plaintiff Robin Cable Systems ("Robin Cable") acquired a television license to the city of Sierra Vista, Arizona on June 4, 1990. On August 27, 1992, the City passed Ordinance No. 909 and Resolution No. 2869 to provide for the granting and renewal of licenses or privileges for the construction, maintenance and operation of cable television systems. The ordinance and the resolution further provided for the continuing regulation and administration of these licenses. Pursuant to these provisions, the city granted Robin Cable a cable television license for the city.

Under the agreement, Robin Cable is to pay an annual license fee of five percent of the gross annual receipts for the operation in the city. Additionally, the city attempts to impose additional fees in the form of "processing costs" in an amount up to $30,000. Robin Cable, in a letter dated August 11, 1992, objected to the provision regarding the processing costs. Therefore, in the licensing agreement, the parties agreed to include a reservation of rights clause. Finally, in a letter written on September 28, 1992, the City demanded $25,329.94 pursuant to the provision requiring Robin Cable to pay the processing costs.

## III. DISCUSSION:

Section 2.2 of the Licensing Agreement provides an annual license fee which Robin Cable will pay the City of Sierra Vista amounting to five percent (5%) of Gross Revenues from operation of the cable system in the City of Sierra Vista. Section 2.3 of the Agreement mandates that Robin Cable reimburse Sierra Vista the costs incurred in the licensing process not to exceed $30,000. Section 2.11 of the agreement provides that "[g]rantor and grantee reserve all rights that they may possess under the law unless expressly waived herein."

Section 2.2 of the Agreement is a permissible fee to be charged under 47 U.S.C. § 542(b). Section 2.3 of the Agreement, however, appears to violate the Cable Act. The term "franchise fee" is defined broadly to include "any tax, fee, or assessment of any kind imposed by a franchising authority or other government entity on a cable officer or cable subscriber ..." 47 U.S.C. § 542(g)(1). The exceptions listed under 47 U.S.C. § 542(g)(2) are narrowly tailored. Section 542(g)(2)(D) allows a municipality to make charges "incidental to the awarding ... of the franchise ..." 47 U.S.C. § 542(g)(2)(D). A fee of up to $30,000 is more than incidental. Any substantial fee charged on top of the annual license fee is inconsistent with the Cable Act.

The defendant contends that the plaintiff waived or is estopped from asserting its legal rights. This is not a valid argument. By letter dated August 11, 1992, Robin Cable expressly objected to Section 2.3 of the agreement. By the very terms of the reservation of rights clause, cited above, Robin Cable did not waive its right to object to this provision. There is nothing expressed in the contract which shows that Robin Cable waived or is estopped from asserting its statutory rights.

## IV. CONCLUSION:

Accordingly, IT IS ORDERED AS FOLLOWS:

1) That the Plaintiff's Motion for Summary Judgment is hereby GRANTED and that the Defendant's Cross–Motion for Summary Judgment is hereby DENIED.

2) That Section 4.17 of Ordinance 909 is void and unenforceable because it is violative of the Cable Act

3) That Section 2.3 of Section 2 of the License Agreement is void and unenforceable.

4) That the defendant is permanently enjoined from enforcing or applying paragraph 4.17 of Section 4 of Ordinance No. 909 and Section 2.3 of the Licensing Agreement.